[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 02-11818
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 8, 2003
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 99-03097-CV-BU-S
99-03129-CV-BU-S

PETER H. BURKE, suing on behalf of themselves
and all others similarly situated, et al.,

Plaintiffs,

KENNETH BUSH, EDWARD E. EUBANK, JR., and
JOHN MICHAEL,

Plaintiffs-Appellees,

STATE OF WISCONSIN INVESTMENT BOARD, suing on
behalf of themselves and all others similarly
situated,

Plaintiff-Appellant,

versus

HAROLD RUTTENBERG,
ERIC L. TYRA,
PETER BERMAN,
COOPER EVANS,
PATRICK LLOYD, et al.,

Defendants.

_____

GEORGE W. MASSEY, on behalf of himself and all
others similarly situated,

Plaintiff,

STATE OF WISCONSIN INVESTMENT BOARD,

Movant-Appellant,

versus

HAROLD RUTTENBERG,
ERIC L. TYRA,
PETER BERMAN,
COOPER EVANS,
HELEN M. ROCKEY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 8, 2003)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

The State of Wisconsin Investment Board ("SWIB"), the investment

manager which serves as fiduciary for the Wisconsin Public Employee Retirement

System, appeals from the district court's order allocating attorney fees in this

2

securities class action suit. SWIB challenges the allocation of the fees to various counsel and to the special master. SWIB also argues that the district court erred by failing to follow the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, in choosing a lead plaintiff to represent the class.

SWIB asserts that, pursuant to the dictates of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), it should have been designated as lead plaintiff because it was the party with the greatest financial interest in the relief sought, and it satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. Instead, the district court established a committee of lead plaintiffs, which included SWIB. The committee subsequently settled the class action suit. The settlement also provided for the total amount of attorneys fees to be set aside from the class recovery. The parties agreed that the court would determine at a later date how these fees would be distributed among respective counsel. The court allocated attorneys' fees in an order dated February 21, 2002, and it is through an appeal of this order that SWIB now challenges both the allocation of the fees and the trial court's rejection of its claim to have been designated lead plaintiff.

SWIB contends that had the district court followed the PSLRA and appointed SWIB lead plaintiff, the class would have benefitted from the

contractual agreement SWIB had previously negotiated with its lawyers. However, SWIB consented to the settlement of this case, and there was no reservation of rights to appeal any aspect of the settlement. Thus, SWIB failed to adequately preserve for appeal the issue of whether the district court violated 15 U.S.C. § 78u-4 in choosing a lead plaintiff. We note, however, that even if a party were to reserve the right to appeal a court's designation of the lead plaintiff, there would be generally little or no remedy once a case has been concluded either by settlement or trial. Thus, because Congress deemed it a matter serious enough for detailed legislation, we urge district judges to carefully consider requests to certify this issue for interlocutory appeal.

Nonetheless, we vacate the order allocating fees in this case. No finding of fact or rationale is provided in the order to aid our understanding of the allocations made, and we do not find the record sufficiently developed to permit adequate appellate review. Therefore, we remand this matter for the district court to conduct a new evidentiary hearing in order to fairly and appropriately allocate all fees in this case. All parties requesting fees, including the Special Master, shall provide the evidentiary support for the fees claimed.


**VACATED AND REMANDED.**

4